**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MANUEL HENRY VELA, | CASE NO. CV 09-2055 ODW (FMOx) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION PURSUANT TO RULE 60(b) [109] |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, *et al.*, | |
| Defendants. | |

Currently before the Court is Plaintiff, Manuel Vela's ("Plaintiff"), Motion for Relief from Final Judgment and for New Trial pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule __"). (Dkt. No. 109.) Having considered the matter, the Court deems the matter appropriate for decision without oral argument pursuant to Rule 78 and Local Rule 7-15 and **DENIES** the instant Motion in its entirety.

## I. BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, County of Los Angeles and Sheriff Lee Baca's (collectively, "Defendants") violated his

Fourteenth Amendment right by, *inter alia*, approving, ratifying, condoning, and authorizing "the continuing pattern and practice of misconduct and/or civil rights violations" of several deputies of the Los Angeles Sheriff's Department ("LASD"). (Compl. ¶¶ 11-12.) On April 28, 2010, the Court granted Defendants' Motion for Summary Judgment finding that no evidence exists as to whether: (1) a county employee violated the plaintiff's constitutional rights; (2) the county has customs or policies that amount to a deliberate indifference to the safety and security of inmates; and (3) these customs or policies were the moving force behind the employee's violation of plaintiff's constitutional rights. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003).

## II. DISCUSSION

While the parties dispute as to the timing of this Motion, for sake of finality, the Court addresses the merits of Plaintiff's arguments. Plaintiff cites to "new" evidence that allegedly suggests a custom and practice of misconduct of the sheriff deputies at the Twin Towers County Jail ("Twin Towers") where Plaintiff was incarcerated. (Mot. at 10.) Plaintiff also contends that further discovery will lead to more evidence. (Mot. at 10.) Furthermore, Plaintiff avers that Defendants committed fraud and misconduct by withholding information about this "new" evidence. (Mot. at 11.) Specifically, Plaintiff contends that the Office of Independent Review of the County of Los Angeles issued a report ("OIR report") on July 19, 2010 that describes a widespread abuse of the scanner system used to monitor inmates in Los Angeles County jails including Twin Towers. (Mot. at 2.) If the OIR report were known prior to Defendant's Motion for Summary Judgment, Plaintiff argues that it would have led to controverting evidence. (Mot. at 2-3.)

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). Under Rule 60(b), the court may grant reconsideration of a final judgment or any order based on, among other things: (1) mistake, inadvertence, surprise,

or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. *See* Rule 60(c)(1). In general, Rule 60(b) is a remedy that "has been used sparingly as an equitable remedy to prevent manifest injustice." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

To begin, Plaintiff's purported "new" evidence consisting of the OIR report would not have changed the disposition of the case. Under Rule 60(b)(2), a court may relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." "[The moving party] must show . . . that the newly discovered evidence is of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Daghlian v. Devry Univ., Inc.*, 582 F. Supp. 2d 1231, 1252-53 (C.D. Cal. 2008) (internal marks and citation omitted).

Here, Plaintiff claims that the OIR report demonstrates that the sheriff deputies at Los Angeles County Jails, including Twin Towers, as custom and practice, avoided their responsibilities to provide safety and security to inmates. (Mot. at 10.) In addition, Plaintiff suggests that further discovery will lead to more evidence that support Plaintiff's claims. (Mot. at 10.) The Court previously addressed a similar argument related to Plaintiff's need for further discovery, and emphasized that discovery cut-off was on March 1, 2010 in this case. As a result, further discovery is not viable.

Turning to the OIR report, the Court finds that this "new" evidence would not have changed the disposition of this case. Indeed, in seeking further discovery, Plaintiff has tacitly conceded to this fact. Specifically, the OIR report does not support Plaintiff's arguments as to any of the dispositive issues of *this* case which includes whether: (1) a

county employee violated the plaintiff's constitutional rights; (2) the county has customs or policies that amount to deliberate indifference; and (3) these customs or policies were the moving force behind the employee's violation of constitutional rights. For example, the OIR report details the sporadic nature of the alleged misconduct. (Opp'n at 13.) In addition, the OIR report expressly states that the majority of the sheriff deputies perform their duties and responsibilities, and that some deputies lose their sense of mission by devising schemes to avoid providing safety and security to the inmates. (Opp'n at 13.) Moreover, Twin Towers, specifically, is rarely mentioned throughout the OIR report thereby diminishing its relevance to the events that actually occurred at Twin Towers as opposed to other County Jails. (Opp'n at 13.) Accordingly, the OIR report does not establish: that Plaintiff's constitutional rights were violated; and that the County maintains a custom or practice that amount to deliberate indifference. Hence, Plaintiff's "new" evidence presents nothing that could have likely changed the disposition of this case.

Next, Plaintiff contends that Defendants' counsel's conduct "prevented the moving party from fully and fairly presenting his case." (Mot. at 11.) Under Rule 60(b)(3), a court may also relieve a party from a final judgment based on "fraud . . . , misrepresentation, or misconduct by an opposing party." Plaintiff carries the burden to prove the existence of such misconduct by clear and convincing evidence. *Atchison, T. & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957). Here, Plaintiff fails to prove that Defendants committed fraud, misrepresentation, or misconduct. Even if Defendants were aware of the details of this particular OIR report, the Court cannot agree that a failure to disclose such information amounts to fraud as Plaintiff argues. While it is apparent that Defendant knew of some details of the OIR report, no evidence exists as to the extent of Defendant's knowledge and when Defendant actually became aware of these investigations. (Opp'n at 17.) Ultimately, bald assertions of fraud and misconduct simply are not enough to seek relief pursuant to Rule 60(b)(3). Plaintiff's case lacked evidence in the past, and Plaintiff's lack of evidence has proven to be fatal,

again, in this instance.

**III. CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for New Trial because the purported "new" evidence will not have altered the disposition of this case. In addition, Plaintiff fails to show that Defendant actually committed fraud or misrepresenation pursuant to Rule 60(b)(3).

IT IS SO ORDERED.

June 20, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE